869 F.2d 593
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas Wayne ABBOTT, Plaintiff-Appellant,
v.
Dorothy NICHOLS; Daniel Nichols; Muskin Corporation,
Defendants-Appellees.
 No. 88-2533.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 3, 1988.
Decided: Feb. 6, 1989.
 
 Charles Michael Bee (Preiser Law Offices, on brief), for appellant.
 Charles MacKinley Surber, Jr. (Beverly D. Kerr, Jackson & Kelly; Walter Minfree Jones, III, Martin & Seibert, on brief), for appellees.
 Before ERVIN and WILKINSON, Circuit Judges, and TERRENCE WILLIAM BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 A diving accident at a swimming pool owned by Dorothy and Daniel Nichols left Douglas Wayne Abbott paralyzed. Abbott sued the Nichols and Muskin Corporation ("Muskin"), which Abbott believed had designed and manufactured the pool. This appeal arises from a grant of summary judgment in Muskin's favor. We affirm.
 
 
 2
 Abbott commenced his action against Muskin and the Nichols on July 7, 1986. Muskin cross-claimed against the Nichols, who soon began discovery proceedings against Muskin. On December 16, 1987, Muskin moved for a summary judgment against Abbott. Muskin included two affidavits with its motion. The first, given by a vice president of Muskin, indicated that Muskin had sold all of the assets of its swimming pool manufactory to U.S. Leisure, Inc., which did business as Muskin, Inc., on January 31, 1981.[1] The second, by a consultant to Muskin, attested that the Nichols' pool was manufactured in June, 1981, after Muskin had left the business.
 
 
 3
 Abbott opposed Muskin's motion by arguing, without evidence, that it was unclear what entity had manufactured the Nichols' pool. Abbott did not then argue that Muskin might be liable for defective design even if it had not manufactured the pool. In his first attempt at discovery that we can identify, Abbott contacted Muskin to set tentative dates to depose the affiants. Abbott apparently never took the depositions; neither did he ask the district court to postpone its decision on Muskin's motion.
 
 
 4
 The district court granted Muskin's motion and dismissed it from the suit. Abbott then moved to alter or amend the judgment, contending that he had not had sufficient time to discover what entity was responsible for his injuries and requesting additional time in which to do so. Muskin responded that in the twenty months since the action began, neither Abbott nor the Nichols had produced any evidence linking Muskin with the Nichols' pool. The district court refused to alter its judgment.
 
 
 5
 We believe Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), virtually mandated summary judgment in the case before the district court. Nothing in the history persuades us that Abbott was unable fairly to contest Muskin's motion. We find little substance to Abbott's argument that Local Rule 2.12 deprived him of his due opportunity for discovery. We are also unpersuaded that any unusual developments in this case prevented discovery. Abbott had more than ample time to explore the merits of his action against Muskin, or to request more time in which to do so, between the commencement and resolution of the action. Accordingly, we affirm the judgment of the district court.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 Abbott had originally tried to serve process on Muskin by delivering a summons and complaint to U.S. Leisure, Inc. Muskin then moved to dismiss for insufficient service, including with its motion an affidavit describing the sale of assets to U.S. Leisure, Inc. Abbott shortly obtained proper service on Muskin. By an order dated June 8, 1988, the district court allowed Abbott to amend his complaint to name U.S. Leisure, Inc. as a defendant